**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Kenneth Hannibal Hart</u>

   v.                                    Civil No. 14-cv-421-LM

<u>U.S. Department
of the Treasury et al.</u>[1]


**REPORT AND RECOMMENDATION**

Before the court is the complaint (doc. no. 1) and complaint addenda (doc. nos. 5 and 6),[2] filed by pro se and in forma pauperis plaintiff Kenneth Hannibal Hart. The pleadings are before this magistrate judge for preliminary review under LR

---

[1] Defendants listed in the complaint are: the U.S. Department of the Treasury; U.S. Treasury Secretary Jacob J. ("Jack") Lew; former U.S. Treasury Secretary Timothy Geithner; the United States of America; the Federal Bureau of Investigation; and two former U.S. Treasury Secretaries, identified as "John Doe #1" and "John Doe #2," who served as Treasury Secretary under former Presidents Ronald Reagan and William Clinton, respectively; and "John Doe #3," who plaintiff describes as including all agencies and organizations responsible for issuing plaintiff's criminal record. In the complaint addendum (doc. no. 6), plaintiff adds the Office of the Comptroller of the Currency, Comptroller John C. Dugan, and U.S. Attorney General Eric Holder as defendants.

[2] In a separately docketed order, this court has granted Hart's motions to add a new claim for relief and new defendants to this action (doc. nos. 5 and 6), subject to preliminary review under LR 4.3(d)(1).

4.3(d)(1) and 28 U.S.C. § 1915A(a).

### Preliminary Review Standard

The court may dismiss claims asserted in an inmate's complaint if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### Background

Citing this court's jurisdiction over cases presenting federal questions, 28 U.S.C. § 1331, and actions to redress civil rights violations, 28 U.S.C. § 1343, Hart alleges that the

United States Treasury Department failed to exercise due care in mailing him checks that he has not received, and that there is a conspiracy among federal, state, and municipal officials to defraud him and steal his identity. Hart further alleges that he has been wrongly convicted in various state and federal courts, that there are errors in his criminal record, that his FBI record should not exist, and that defendants and other government officials should be investigated and prosecuted for criminal conduct.

**Discussion**

I. Misdelivery of Checks, Conspiracy, and Identity Theft

Hart's assertions regarding the misdelivery of government checks, conspiracy, and theft of his identity fail to state any actionable claim of a violation of any federal right, upon which relief can be granted under the authorities he has cited, including 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Those claims should be dismissed.

Hart's allegations regarding the Treasury Department's mailing checks to the wrong address also fail to state any actionable claim under the Federal Tort Claims Act, 28 U.S.C. §§

2671-80 ("FTCA"), in that Hart has failed to allege that he exhausted his administrative remedies on his claims. See Conjugal P'ship Acevedo-Principe v. United States, 768 F.3d 51, 55 (1st Cir. 2014) (prior presentment of claim to agency under 28 U.S.C. § 2675(a) is necessary prerequisite to suit). Accordingly, the FTCA claims arising out of the misdelivery of his government checks should be dismissed, without prejudice to Hart refiling an FTCA claim after he has exhausted his administrative remedies.

II.  Criminal Record and Investigation/Prosecution of Defendants

Hart's claims regarding alleged wrongful convictions and errors in his criminal record fail to state claims upon which relief can be granted. To the extent Hart seeks to challenge the validity of any state conviction that has not been invalidated by any official action, Hart's claims cannot be litigated as civil rights claims in this court. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)); see also Meehan v. Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999) (favorable termination of criminal proceedings is element of malicious prosecution claim). Further, Hart's claims asking this court to order an investigation and prosecution of defendants and third parties for criminal conduct should be dismissed on the basis of

lack of standing.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (individual has no "judicially cognizable interest in the prosecution or nonprosecution of another").

## Conclusion

As discussed herein, the district judge should dismiss Hart's FTCA claims without prejudice.  The remaining claims asserted in the complaint should be dismissed for failure to state a claim upon which relief can be granted.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 19, 2014

cc:  Kenneth Hannibal Hart, pro se