### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Hannibal Hart

    v.                                  Case No. 14-cv-421-LM

United States Department
of the Treasury et al.[1]

### REPORT AND RECOMMENDATION

Before the court is a motion (doc. no. 26), filed by pro se prisoner Kenneth Hannibal Hart, requesting that this court order the U.S. Treasury Secretary and Comptroller to respond to letters Hart alleges he sent to them, asking each of them to provide Hart with all public funds appropriated to him under law, along with an accounting of such funds.  The district judge has referred the motion to this magistrate judge for a recommendation as to disposition.

### Discussion

I.  Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

---

[1]The sole defendant remaining in this lawsuit is an unnamed agency or organization of the state or federal government, identified as "John Doe #3," that plaintiff asserts is responsible for making errors in his criminal record.  This court previously dismissed without prejudice Hart's Federal Tort Claims Act claims relating to government checks issued by the U.S. Department of the Treasury and the Office of the Comptroller of the Currency, and dropped those agencies, the Treasury Secretary, and the Comptroller of the Currency as defendants.

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The likelihood of success on the merits and irreparable harm in the absence of an injunction are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." (internal quotation marks, alterations, and citation omitted)).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.


II.  Statement and Account Clause

    Hart asserts that Article I, Section 9, Clause 7 of the U.S. Constitution imposes a duty upon the Secretary and Comptroller to pay him public funds owed to him, and to give him an accounting of such funds.  The cited part of Clause 7, known

2

as the "Statement and Account Clause," provides as follows:

> No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law; and <u>a regular Statement and Account of the Receipts and Expenditures of all public Money shall be published from time to time</u>.

U.S. Const. art. I, § 9, cl. 7 (emphasis added).

Hart alleges that there is a "controversy" as to whether he is owed any public funds, and that if the agencies simply answered his letters he could find out if the funds existed. Hart has not alleged facts showing that the federal government owes him any funds. Nothing in the Statement and Account Clause imposes any duty upon the federal government to report at the level of detail demanded by Hart, regarding the existence, or nonexistence, of appropriations of funds for the benefit of Hart. Accordingly, Hart has not shown a likelihood of success on the merits of any claim under the Statement and Account Clause.

III. <u>Freedom of Information Act</u>

The Freedom of Information Act ("FOIA") requires federal agencies to respond to requests for records which reasonably describe the records at issue, and which comply with the agency's FOIA rules, regarding procedures to be followed in submitting a request for records under FOIA. <u>See</u> 5 U.S.C. § 552(a)(3)(A), (6)(A). The letters attached to Hart's motion,

3

which do not refer to FOIA, and demand a payment of funds, are
not the type of letters that would appear to trigger the
Treasury Department's or Comptroller's duties to respond under
FOIA.  See generally id. § 552(a)(3)(A); 31 C.F.R. Part 1
(Treasury Department FOIA procedures).  Accordingly, Hart has
not shown a likelihood of success on the merits of a FOIA claim,
to the extent any such claim is intended to be asserted by Hart.

IV.  Irreparable Harm

     Hart has not demonstrated that he is likely to suffer any
irreparable harm in the absence of an injunction.  Hart, who is
presently incarcerated, is not at risk of imminent harm if
public funds that might be owed to him are not paid immediately.
Cf. Zipkin v. Heckler, 790 F.2d 16, 19 & n.3 (2d Cir. 1986)
(federal law, 42 U.S.C. § 402(x)(1), rationally reflects policy
that prisoners' Social Security retirement or disability
payments be suspended since "their substantial economic needs
are already met").  Hart has also not shown that without an
injunction, he lacks a remedy for the agency's failure to answer
his inquiries.  Hart may resubmit a request for records to the
agencies employing the FOIA procedures established in pertinent
agency rules, such as 31 C.F.R. Part 1.  FOIA imposes upon those
agencies a fixed time period in which they are required to
respond to FOIA requests.  See 5 U.S.C. § 552(a)(6)(A)(ii);

4

<u>Pinson v. U.S. Dep't of Justice</u>, No. 12-1872 (RC), 2015 U.S. Dist. LEXIS 152170, at *14, 2015 WL 7008124, at *5 (D.D.C. Nov. 10, 2015).  Accordingly, plaintiff has failed to show that this court should issue the requested injunction.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge deny the motion (doc. no. 26) seeking to compel the U.S. Treasury Secretary and the Comptroller to pay public funds to plaintiff and to provide him with an accounting of any such funds.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).


/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

November 20, 2015

cc:  Kenneth Hannibal Hart, pro se