UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Hannibal Hart

   v.                                          Case No. 14-cv-421-LM

United States Department
of the Treasury et al.[1]

**REPORT AND RECOMMENDATION**

     Before the court are two complaint addenda (doc. nos. 19 and 25), filed by pro se prisoner Kenneth Hannibal Hart, an inmate at the New Hampshire State Prison ("NHSP").[2] The filings are before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a). The standard employed by the court in conducting the preliminary review is set forth in the November 19, 2014, Report and Recommendation (doc. no. 8).

---

[1]The sole defendant remaining in this lawsuit is an unnamed agency or organization of the state or federal government, identified as "John Doe #3," that plaintiff asserts is responsible for making errors in his criminal record. This court previously dismissed without prejudice Hart's Federal Tort Claims Act claims relating to government checks issued by the U.S. Department of the Treasury and the Office of the Comptroller of the Currency, and dropped those agencies, the Treasury Secretary, and the Comptroller of the Currency as defendants.

[2]One of the two filings identified herein as a complaint addendum (doc. no. 25) was initially docketed as an objection to a May 28, 2015, Report and Recommendation ("R&R") (doc. no. 20) that has been withdrawn. In an Order issued on this date, the court has withdrawn the relevant R&R and directed that Document No. 25 be redocketed as a complaint addendum.

**Background**

Hart alleged in his original complaint (doc. no. 1) in this matter that the United States Department of the Treasury and the Comptroller of the Currency negligently allowed others to claim government checks made out to "Kenneth Hart" as their own funds. In the February 18, 2015, Order (doc. no. 15), the district judge in this action approved the November 19, 2014, Report and Recommendation (doc. no. 8), and dismissed without prejudice Hart's Federal Tort Claims Act ("FTCA") claims relating to those checks, on the ground that Hart had not presented an FTCA claim to the proper federal agencies before he filed this lawsuit in September 2014.

Attached as exhibits to Hart's April 30, 2015, complaint addendum (doc. no. 19) are certified mail receipts offered as evidence that the Secretary of the Treasury and the Comptroller of the Currency each received a letter from Hart, sent in December 2014, inquiring whether the government had ever authorized public funds to be remitted to Kenneth Hart from 1983 through 2014; whether such monies were sent to Hart at several addresses listed by Hart from 1983 to 2014, including the U.S. Navy, and the "Boston Welfare Department"; and whether persons

claiming to be Hart had taken those monies. Those letters further demand that Hart be provided with a list of all addresses to which such funds were sent, and that funds owed to Hart be paid to Hart at his NHSP address. See Doc. Nos. 19-1 and 19-2.

The filing (doc. no. 25) entitled, "Objection to Report and Recommendation," clarifies that Hart does not intend to assert any claim relating to the loss or theft of government checks. Rather, Document No. 25 states, Hart is asserting a claim that the U.S. Constitution, Article I, Section 9, Clause 7, imposes an obligation upon the government to provide him with a reporting of all funds appropriated to him, upon his request, and to pay him monies that may have been appropriated for his benefit. Hart asserts a claim for relief under only that provision.

## Discussion

The cited part of Article I of the U.S. Constitution, known as the "Statement and Account Clause," provides as follows:

> No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law; and a regular Statement and Account of the Receipts and Expenditures of all public Money shall be published from time to time.

U.S. Const. art. I, § 9, cl. 7 (emphasis added).

Nothing in the Statement and Account Clause provides

plaintiff with a private right of action to require the government to issue financial reports to plaintiff at the level of detail he demands, upon his request, cf. United States v. Richardson, 418 U.S. 166, 178 n.11 (1974) (holding that taxpayer lacks standing to pursue claim seeking disclosure of CIA financial information, and noting that "Congress has plenary authority to define the scope and requirements of any accounting of public funds that must be made"). Moreover, nothing in the Statement and Account Clause requires the government to issue any monies owed to plaintiff upon his demand. Accordingly, the court should dismiss claims asserted in Document Nos. 19 and 25, against the Treasury Secretary and Comptroller, relating to their alleged failure to respond to plaintiff's written requests for an accounting of monies that might be owed to him and to pay him any funds that may have been appropriated for him.

## Conclusion

For the foregoing reasons, the magistrate judge recommends with respect to Document Nos. 19 and 25, that claims alleged to be based on U.S. Constitution, Article I, Section 9, Clause 7, be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within

the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

>                               /s/ Andrea K. Johnstone
>                               Andrea K. Johnstone
>                               United States Magistrate Judge

November 20, 2015

cc: Kenneth Hannibal Hart, pro se