UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Kenneth Hannibal Hart</u>

   v.                                       Case No. 14-cv-421-LM

<u>United States Department
of the Treasury et al.</u>[1]


**REPORT AND RECOMMENDATION**


    Before the court for preliminary review under LR 4.3(d)(1) are complaint addenda (doc. nos. 18, 22, and 23),[2] filed by Kenneth Hannibal Hart, an inmate at the New Hampshire State Prison ("NHSP").  The standard employed by the court in conducting the preliminary review is set forth in the November 19, 2014, Report and Recommendation (doc. no. 8).

---

    [1]The sole defendant remaining in this lawsuit is an unnamed agency or organization of the state or federal government, identified as "John Doe #3," that plaintiff asserts is responsible for making errors in his criminal record.  This court previously dismissed without prejudice Hart's Federal Tort Claims Act claims relating to government checks issued by the U.S. Department of the Treasury and the Office of the Comptroller of the Currency, and dropped those agencies, the Treasury Secretary, and the Comptroller of the Currency as defendants.

    [2]Document No. 18, entitled "Amendment to the Original Complaint," was originally docketed as a "motion to amend."  In the Order issued on this date, the court has withdrawn the May 28, 2015, Report and Recommendation (doc. no. 21), concerning that motion, and has granted the motion to amend (doc. no. 18), making the claims in Document No. 18, including the exhibits attached thereto, subject to preliminary review under LR 4.3(d)(1).

**Background**

This court construed the original complaint in this action to assert the following claims:

- a Federal Tort Claims Act ("FTCA") claim challenging the Treasury Department's alleged negligent mishandling of government benefit checks made out to Hart; and

- a claim against unknown government agents whom Hart accused of publishing false information about convictions in Hart's criminal record, seeking relief for defamation under state tort law, under 42 U.S.C. § 1983, and/or under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

See Jan. 26, 2015, Order (doc. no. 14), slip. op. at 3-4. This court dismissed the FTCA claim without prejudice. See Feb. 18, 2015, Order (doc. no. 15). The court also granted plaintiff an opportunity to amend the complaint to state claims relating to allegations that federal or state agents had falsified Hart's criminal record. See Jan. 26, 2015, Order (doc. no. 14); see also Mar. 18, 2015, Order (extending deadline for amending complaint to May 31, 2015). Hart has not filed any complaint amendment relating to the falsification of his criminal record.

Hart's filings in April 2015 consisted of: (1) the complaint addendum (doc. no. 19) discussed in a separate Report and Recommendation issued on this date, relating to Hart's letters to the U.S. Secretary of the Treasury and the Comptroller, and (2) the complaint addendum originally docketed by the clerk's office as a motion to amend (doc. no. 18), with

exhibits. Document No. 18, including those exhibits, asserts new civil rights claims under 42 U.S.C. § 1983 against a number of NHSP officers, agents, and medical/dental care providers, and an unnamed Merrimack County Sheriff's Department deputy, none of whom were previously identified as defendants in this action. In June 2015, Hart filed two additional complaint addenda (doc. nos. 22 and 23), asserting new § 1983 claims.

In particular, in Document No. 18, Hart asserts the following claims for relief under 42 U.S.C. § 1983, numbered 1-10 below:

    1. Secure Psychiatric Unit ("SPU") officers Ryan Goulette, Page Kimbal, and Eric Barbaro seized Hart's stationery supplies and legal work on November 29, 2012, preventing Hart from filing papers in 2012, with respect to a guardianship proceeding (In re Hart, No. 317-2002-GI-00420 (N.H. Cir. Ct., 6th Cir., Probate Div.-Concord)); post-conviction proceedings in the New Hampshire Supreme Court; a pending civil rights case (Hart v. U.S. Att'y Gen'l, No. 12-cv-362-JL (D.N.H.)); and a planned lawsuit in federal court to challenge an April 2012 tasering incident involving the alleged use of excessive force, thereby

        (a) violating Hart's right to access the courts, and

        (b) retaliating against Hart, for Hart's exercise of his First Amendment rights.

    2. SPU Capt. Cascio and Department of Corrections officer Christopher Kench did not cause Hart's legal work to be returned in 2012, thereby

        (a) violating Hart's right to access the courts, and

        (b) retaliating against Hart, for Hart's exercise of his First Amendment rights.

3.   SPU officers Robert Murray and Cascio read Hart's confidential legal papers and prevented Hart from making copies of a document to file in probate court on November 29, 2012, thereby

    (a) violating Hart's right to access the courts, and

    (b) retaliating against Hart, for Hart's exercise of his First Amendment rights; and

    (c) violating Hart's right to privacy in his legal work.

4.   NHSP SPU Nurse Diane prevented Hart from filing papers in his guardianship proceeding in 2012 by threatening to put Hart in restraints if he continued to demand access to stationery and/or his legal paperwork, thereby

    (a) violating Hart's right to access the courts, and

    (b) retaliating against Hart, for Hart's exercise of his First Amendment rights.

5.   An unnamed Merrimack County Deputy Sheriff and SPU officers Barbaro, Kimbal, and Goulette prevented Hart from appearing at a probate court hearing on November 29, 2012, and from offering the probate court a timely, accurate explanation for his failure to appear, thereby

    (a) violating Hart's right to access the courts, and

    (b) retaliating against Hart, for Hart's exercise of his First Amendment rights.

6.   NHSP Librarian Becky Harding in November/December 2012 refused to give Hart sufficient stationery and denied Hart access to adequate legal resources; NHSP Librarian Daniel Tanguay read Hart's legal paperwork and denied Hart access to adequate legal resources; and State Law Librarian John Perkins denied Hart access to adequate legal resources, thereby

    (a) violating Hart's right to access the courts, and

    (b) retaliating against Hart, for Hart's exercise of his First Amendment rights.

> 7.  SPU officers Barbaro and Dube shot Hart with a Taser to force Hart to take medication at 8 p.m. on April 15, 2012, after Hart had agreed to take the same medication at 11 p.m., thereby subjecting Hart to the use of excessive force in bad faith, in violation of Hart's Eighth Amendment rights.
>
> 8.  DOC Hearing Officer Hickman denied Hart a fair disciplinary hearing relating to the April 2012 tasering incident, in violation of Hart's right to due process, and imposed the following sanctions on Hart, 30 days loss of canteen, a loss of access to condiments, the cost of a replacement Taser cartridge ($27), 30 days loss of recreation time, and 30 days extra duty.
>
> 9.  Defendants induced mental paralysis in Hart, in violation of his Eighth Amendment rights.
>
> 10. Unnamed NHSP dentists and dental assistants caused Hart unnecessary pain and suffering, with deliberate indifference to a substantial risk of serious harm, by drilling and damaging healthy teeth and refusing to fix Hart's partial.

In Document Nos. 22 and 23, Hart adds the following claims for relief under 42 U.S.C. § 1983, numbered as Claims 11 and 12 by this court:

> 11. SPU Capt. Cascio and DOC officer Kench are responsible for the seizure of Hart's files on December 8, 2011, and for failing to return those files, in time for Hart to pursue post-conviction proceedings in state court, thereby
>
>> (a) violating Hart's right to access the courts, and
>>
>> (b) violating Hart's Eighth Amendment rights to avoid cruel and unusual punishment.
>
> 12. NHSP Food Service Department Chef Brendan Luba and unnamed John/Jane Doe NHSP employees fired Hart from a kitchen job on April 20, 2015, in retaliation for Hart's filing of this lawsuit, grievances, and inmate request slips.

**Discussion**

I. <u>Claim Relating to Errors in Criminal Records</u>

This court's January 26, 2015, Order granted Hart an opportunity to plead additional facts to state a defamation claim relating to false statements in his criminal record. Hart has not filed any complaint amendment relating to those allegations. Accordingly, for reasons stated in the January 26, 2015, Order (doc. no. 14), and herein, the district judge should dismiss Hart's claims relating to errors in his criminal records, for failure to state a claim.

II. <u>New Claims Asserted in Document Nos. 18, 22, and 23</u>

"A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Despite the broad language of Rule 18(a)," however,

> plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Alan Wright et al., <u>Fed. Prac. & Proc. Civ.</u> § 1655 (3d ed. 2001). "Unrelated claims against different defendants belong in different suits," in part "to ensure that prisoners

pay the required filing fees" and that prisoners do not avoid exposure to the "three strikes" provision of 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Guiden v. Werholtz, No. 11-3031-SAC, 2011 WL 1807443, 2011 U.S. Dist. LEXIS 50890, at *65 (D. Kan. May 11, 2011) ("While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'" (citation omitted)).

None of the individuals named in Claims 1 to 12 are named as defendants in the original complaint, and none of those claims arises out of the same transaction or occurrence as the claims asserted in the original complaint. To prevent plaintiff, a frequent litigant in this court, from using this lawsuit as a repository for new claims in a manner that could evade restrictions on prisoner litigation, plaintiff should not be permitted to inject unrelated claims against new parties into this action. Claims 1-12 identified herein do not have a sufficient relationship to any claim previously alleged. For that reason, the district judge should not allow those claims to proceed in this lawsuit.

Without commenting on the merits of Claims 1 to 12 asserted by Hart in Document Nos. 18, 22, and 23, the district judge's

order on this Report and Recommendation should direct the clerk to redocket Document No. 18 (including the exhibits) as a new complaint in a new case, and should direct the clerk to redocket Document Nos. 22 and 23 as addenda to that new complaint in that new case.  To avoid <u>unnecessarily</u> causing the statute of limitations to become an issue, the docket in the new case should reflect that the new complaint was filed on April 14, 2015, and that the complaint addenda were filed on June 15, 2015, which appear to be the dates Hart placed each of those documents in the prison mail system.  To litigate Claims 1-12 in that case, Hart must either pay the filing fee for that new civil case, or he must complete an application for in forma pauperis status in that case.

## Conclusion

For the foregoing reasons, the magistrate judge recommends as follows:

    1.  The district judge should dismiss all claims from this lawsuit arising from allegations that there are errors in Hart's criminal records.

    2.  The district judge should dismiss Claims 1 to 12, identified herein, from this case without prejudice to refiling in a new case, and should direct the clerk to close this case.

    3.  The district judge should direct the clerk's office to open a new prisoner civil rights action treating Document No. 18 as the complaint in that action, with a filing date of April 14, 2015, and treating Document Nos.

  22 and 23 as complaint addenda in that action, with filing dates of June 15, 2015.

  4. The district judge should direct the clerk's office to issue an order in that new case, requiring Hart to pay the filing fee in that case, or to file a properly supported motion to proceed in forma pauperis in that new case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

        /s/ Andrea K. Johnstone
        Andrea K. Johnstone
        United States Magistrate Judge

November 20, 2015

cc: Kenneth Hannibal Hart, pro se