UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Hannibal Hart

   v.                                      Civil No. 14-cv-421-LM

United States Department of the
Treasury et al.

**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff Kenneth Hannibal Hart's motion to amend the complaint, or in the alternative, motion for extension of time to file a proposed complaint amendment (doc. no. 39). The portion of the motion seeking an extension of time to file a proposed amended complaint is denied without prejudice in an Order issued this date. For reasons stated below, the district judge should deny the motion to amend, as it is clear that the proposed complaint amendment would be futile.

**Background**

In the original complaint in this action, Hart asserted that unknown government agents published false information in Hart's criminal record. See Jan. 26, 2015, Order (doc. no. 14), slip. op. at 3-4. Because the court considered it possible that Hart could allege sufficient new facts to state a claim arising out of the scant allegations in the original complaint, the

court granted Hart leave to file an amended pleading by May 31, 2015.  <u>See</u> Jan. 26, 2015, Order (doc. no. 14); Mar. 18, 2015, Order (extending amended pleading deadline to May 31, 2015).

The instant motion to amend (doc. no. 39), filed by Hart in late December 2015, seeks additional time, until February 29, 2016, for Hart to file a complaint amendment relating to his false criminal records defamation claim.  In requesting additional time, Hart asserts new facts relating to his claim.  Hart alleges that fabricated New York "burglary third" and "assault-second" convictions, and false New York arrest records, affected the sentence he has been serving in New Hampshire since 2000 for unrelated New Hampshire convictions.  Hart asserts that the defendants he would name to his defamation claims, and the witnesses he would call in this case, would be New York prosecutors and attorneys from Manhattan and the Bronx who represented him, as well as New York judges and court clerks.  Hart intends to produce New York court records and subpoena New York police records as evidence.  <u>See</u> Doc. No. 39, at 3.  In other words, all of the defendants, witnesses, and evidence as to Hart's proposed defamation claims would come from New York and would relate to records of arrests and prosecutions occurring more than fifteen years ago in New York.

**Discussion**

**I. Standard**

Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading "once as a matter of course," within twenty-one days after service of a responsive pleading, and that the court "should freely give leave when justice so requires." A proposed amendment seeking to add new parties "is technically governed by [Federal Rule of Civil Procedure] 21," but the "same standard of liberality" applies under either rule. Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citations and internal quotation marks omitted).

The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the proposed amendment. Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted). The standard applied in assessing futility is the same standard applied in the preliminary review of the original complaint, under 28 U.S.C. § 1915A, which is set forth in the November 19, 2014, Report and Recommendation (doc. no. 8).

**II. Venue**

Venue is appropriate in the judicial district where all of the defendants reside, or where a substantial part of the events giving rise to the plaintiff's claims occurred. 28 U.S.C.

§ 1391(b). Where the defense of improper venue is "'obvious from the face of the complaint and no further factual record is required to be developed,'" the court may, sua sponte, dismiss the case. Cox v. Rushie, No. CA 13-11308-PBS, 2013 U.S. Dist. LEXIS 86794 at *14, 2013 WL 3197655 at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Wilkinson v. Sec'y, Fla. Dep't of Corrs., No. 14-11239, 2015 U.S. App. LEXIS 12160 at *4-*5, 2015 WL 4269267 at *2 (11th Cir. July 15, 2015) (court may dismiss a matter, sua sponte, for defective venue, pursuant to 28 U.S.C. § 1915, after providing plaintiff with opportunity to object). Additionally, a court may deny a motion to amend on the ground of futility if the motion seeks to add claims as to which venue is not proper. See Cole v. Boeing Co., 621 F. App'x 10, 12 (D.C. Cir. 2015).

Hart raises claims alleging violations of state defamation law against defendants in New York, for acts and omissions alleged to have occurred in New York. Accordingly, venue is not proper in this court, and the motion to amend should be denied to the extent it seeks leave to add such claims.[1]

---

[1] This court need not determine whether Hart should be deemed to be entitled to amend the complaint as of right, in deciding whether to accept this Report and Recommendation. If Hart were

**Conclusion**

For the foregoing reasons, Hart should not be permitted to proceed in this court on his proposed defamation claims, where venue is improper, and for that reason, Hart's motion to amend (doc. no. 39) should be denied. Any objections to this Report and Recommendation must be filed by February 29, 2016. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 11, 2016

cc: Kenneth Hannibal Hart, pro se

---

allowed to amend the complaint to add the defamation claim, the claim could not proceed without undergoing preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1). In conducting a preliminary review of the defamation claim, the same Report and Recommendation would issue, recommending dismissal of the defamation claim for lack of proper venue. In the interest of judicial economy and to avoid unnecessarily complicating the docket, this Report and Recommendation simply recommends denial of the motion to amend (doc. no. 39).

5